### MILES v. BUTLER.

(No. ——.)

APPEAL from El Paso County.   Opinion by HURT, J.

MILLARD PATTERSON, counsel for appellant.

HILL & WALTON, counsel for appellee.

§ 237.   *Attachment; damages for wrongfully suing out; pleading and proof; variance.*   This was an action brought by Butler against Miles to recover damages, both actual and exemplary.   The cause of action, as set up in the

petition, is, in effect, as follows: That both plaintiff and defendant resided in El Paso, Texas, and each was engaged in the butcher business at that place. They sold meat also in Paso del Norte, in Mexico. That on July 29, 1887, defendant brought an action for debt before the alcalde of the district, including Paso del Norte, against plaintiff, claiming $50. That defendant also caused a writ of attachment to issue against the property of the plaintiff, on the ground that plaintiff might dispose of said property or destroy it. That under said writ of attachment the property of plaintiff was levied upon and seized by the officer. That the property was detained —— days, when the cause was by the alcalde dismissed, and the property returned to plaintiff. It was further alleged that, at the time these proceedings before the alcalde were commenced, plaintiff owed defendant nothing, and had no intention of disposing of or destroying his said property, all of which was well known to defendant at the time. That the issuance of the writ was wrongful and unlawful, to his damage $200. That he was unable to carry on his business, and his credit was injured, to his damage $250. It was further alleged that the defendant unlawfully, maliciously and without probable cause, and for the purpose of harassing, injuring, vexing and oppressing plaintiff, procured the issuance of said attachment and seizure of his property, to his damage $500. Defendant answered by general and special exceptions to the petition and general denial. The exceptions were overruled by the court, and on the trial there was a verdict in favor of plaintiff for $100 actual damages, and $500 exemplary damages. Plaintiff remitted $82.50 of the actual damages, and judgment was entered in his favor for $517.50. From that judgment defendant Miles appeals to this court and presents twenty-nine assignments of error.

To sustain the allegations in regard to the wrongful,

unlawful and malicious suing out of the writ of attachment, the plaintiff introduces a copy of the proceedings before the alcalde, which shows that defendant, Miles, filed a petition before the alcalde, stating that Butler was indebted to him in the sum of $50, and refused to pay; that he tendered the witnesses William Ligon and A. L. Daguerre, that they be examined, etc. It further prays, as a matter of precaution, that, upon the hearing of the witnesses, the court dictate the seizure of the property, describing it, and tenders these witnesses for examination upon this matter, setting out the questions to be propounded to them; that on the day the petition was filed the alcalde indorsed thereon an order that the information of the witnesses be taken; that the witnesses named answer, and say under oath and in writing that Butler owes the debt; that Butler has no other goods than those named, and that there is fear that he may conceal or damage the same; that they believe the above from their personal knowledge of Butler, and from previous dealings with him. Then follows the order of the judge that the property be detained, and that it be put in the custody of some secure person. Then follows notice of suit, the pleas of the parties, and finally judgment dismissing plaintiff's demand. Plaintiff also introduced copy of the statutes of Mexico providing for proceedings in cases where measures of precaution are necessary. That the property was seized under the order is an admitted fact in the case. We are of the opinion that the allegation of the seizure of the property under a writ of attachment is not sustained by the proof made. If the plaintiff had declared on the facts of the case, as shown above, he might be entitled to actual damages by making proof that defendant knew that he was not indebted in any amount; but, to recover exemplary damages, he must allege and prove a conspiracy between defendant and the alcalde, or that defendant had suborned his wit-

nesses to swear falsely in order to procure the writ of attachment. In this case there is no such allegation and no such proof.

April 22, 1891.                    Reversed and remanded.